EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| María H. García Bermúdez<br><br>Peticionaria<br><br>v.<br><br>Cooperativa de Seguros Múltiples de Puerto Rico<br><br>Recurrida | Certiorari<br><br>2021 TSPR 128<br><br>207 DPR ____ |

Número del Caso:  AC-2020-62

Fecha: 23 de agosto de 2021

Tribunal de Apelaciones:

    Panel VIII

Abogados de la parte peticionaria:

    Lcda. Claudia A. Rosa Ramos
    Lcdo. Juan Saavedra Castro
    Lcdo. Luis M. Correa Márquez
    Lcda. María D. Irizarry Marqués

Abogada de la parte recurrida:

    Lcda. Alondra Fraga Meléndez

Materia:  Sentencia con Opinión disidente

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| María H. García Bermúdez<br><br>Peticionaria<br><br>v.<br><br>Cooperativa de Seguros Múltiples de Puerto Rico<br><br>Recurrida | AC-2020-0062 | Certiorari |

Sentencia

En San Juan, Puerto Rico, a 23 de agosto de 2021.

De nuevo, este Tribunal se enfrenta a la desestimación de una reclamación de un asegurado en contra de su aseguradora por los daños que provocó el paso del huracán María. Por consiguiente, debemos examinar si, conforme a los lineamientos instaurados en Feliciano Aguayo v. Mapfre Panamerican Insurance Company, 2021 TSPR 73, 207 DPR ___ (2021), los hechos específicos de este caso y la etapa procesal en la que se encuentra permiten la disposición sumaria de la controversia bajo la doctrina del pago en finiquito. Procedemos, pues, a narrar el desarrollo fáctico de la controversia ante nuestra consideración.

I

El 14 de septiembre de 2018, la Sra. María H. García Bermúdez (señora García Bermúdez) presentó una demanda en contra de la Cooperativa de Seguros Múltiples de Puerto Rico

(Cooperativa) por incumplimiento de contrato y daños contractuales. Alegó ser la dueña de una propiedad cubierta por una póliza de la Cooperativa, la cual fue afectada por el paso del huracán María. Sostuvo que, tras reportar sus pérdidas, la Cooperativa efectuó una investigación incompleta de su reclamación, incumplió con las exigencias de la industria y omitió o subestimó los daños. Arguyó, además, que la Cooperativa actuó de forma dolosa y temeraria, demostró mala fe e hizo falsas representaciones. Por consiguiente, solicitó $111,854.56 por los daños a su propiedad, una cuantía adicional por daños personales y las costas, los intereses y honorarios de abogado.

Por su parte, la Cooperativa presentó una Solicitud de desestimación. Señaló que, tras analizar la reclamación, notificó una carta que fue acompañada por dos (2) cheques, de $802.00 y $249.00 respectivamente, por concepto de todos los daños a la propiedad. Añadió que ambos cheques fueron cobrados, configurándose así un pago en finiquito.[1]

En su Oposición a moción de sentencia sumaria, la señora García Bermúdez arguyó que existían controversias relacionadas a la cuantía que realmente le correspondía por los daños y a la condición en la que aceptó el pago. Esto último, pues afirmó que no consintió a renunciar a su derecho

---

[1] Tal solicitud se estructuró como una moción de sentencia sumaria y fue acompañada por: una copia de la póliza; la notificación de la reclamación; un Desglose de pagos totales, con la pérdida valorada en $2,802.00 menos un deducible de $2,000.00 y otro por la suma de $449.00 menos $200.00 de deducible, y copias del frente y el dorso de los dos (2) cheques, endosados por la señora García Bermúdez.

a reclamar la totalidad de los daños y sólo aceptó el cheque como un pago parcial. Rechazó la aplicación del pago en finiquito, toda vez que se trató de una deuda líquida y exigible y una oferta no retractable que constituye la postura oficial de la aseguradora.[2]

En respuesta, la Cooperativa presentó una réplica, en la cual negó que existieran hechos materiales en controversia. Sostuvo, además, que la señora García Bermúdez no probó las alegaciones de mala fe y prácticas desleales.

Por su parte, la señora García Bermúdez presentó una Moción suplementaria. Argumentó que la doctrina del pago en finiquito no puede aplicarse en el campo de seguros en ausencia de un consentimiento informado a la luz de las reglamentaciones específicas de la industria, la asimetría de poder entre las partes, el contexto que dio pie a la controversia y la presencia de un contrato de adhesión. Reafirmó que no se configuraron los elementos del pago en finiquito, pues se trata de una suma líquida y exigible, existe opresión y ventaja indebida a favor de la aseguradora,

---

[2] La señora García Bermúdez acompañó su oposición con una declaración jurada en la cual, entre otras cosas, sostuvo que se efectuó una inspección deficiente de la propiedad; que, a causa de sus condiciones de salud, olvidó reportar ciertos daños; que le entregaron los cheques como pagos parciales y le obligaron a firmar papeles a cambio de ellos, y que nunca la explicaron sobre su derecho a solicitar la reconsideración o que aceptar los cheques implicaba el fin de la reclamación. A su vez, incluyó una copia del informe de un ajustador privado, el cual calculó los daños a su propiedad en $111,854.56.

está ausente la buena fe y los reclamantes están despojados de orientación sobre sus derechos.

Tras una vista argumentativa ante el Tribunal de Primera Instancia, la Cooperativa presentó una oposición a la Moción suplementaria, en la cual reiteró el cumplimiento con todos los requisitos del pago en finiquito. Rechazó que existiera impedimento alguno para la aplicación de la doctrina en casos relacionados a la industria de seguros y sostuvo que la señora García Bermúdez no especificó algún hecho constitutivo de dolo.

Así las cosas, el Tribunal de Primera Instancia emitió una sentencia mediante la cual declaró con lugar la moción de desestimación de la Cooperativa. El foro primario determinó que estaban presentes los requisitos de la doctrina del pago en finiquito, pues existía una controversia bona fide en torno al pago, se desprendía que el ajuste representaba el pago total de la reclamación y la señora García Bermúdez no devolvió los cheques o manifestó a la Cooperativa que los cambiaría como abono de la deuda.

En desacuerdo, la señora García Bermúdez solicitó la reconsideración. En esta, argumentó que era necesario un descubrimiento de prueba robusto sobre las controversias de hecho y derecho que aún persistían sobre la cuantía que le correspondía y la aceptación del pago. Sostuvo, además, que la Cooperativa pretendía subsanar sus prácticas desleales y mala fe en el trámite de la reclamación mediante la doctrina

del pago en finiquito. El Tribunal de Primera Instancia la declaró no ha lugar.

Todavía inconforme, la señora García Bermúdez acudió ante el Tribunal de Apelaciones. Allí reafirmó que no procedía la figura del pago en finiquito, primero, porque no se configuraron sus elementos y, segundo, porque ésta no debe aplicar en controversias sobre seguros, en contratos de adhesión y dentro del contexto de situaciones catastróficas. Reiteró que el pago en finiquito permite a las aseguradoras evadir los preceptos de buena fe y sus responsabilidades bajo el Código de Seguros, infra, por lo que su uso constituye mala fe y abuso del derecho.

En su alegato en oposición, la Cooperativa sostuvo que el lenguaje contenido en los cheques no daba margen a dudas sobre su condición como pago final. Argumentó que, al darse la transacción al instante, se puso fin a la reclamación y a cualquier controversia relacionada a la misma, incluyendo las alegaciones de incumplimientos o prácticas desleales.

Así trabada la controversia, el Tribunal de Apelaciones emitió una sentencia mediante la cual confirmó el dictamen del foro primario. Determinó que se demostró el consentimiento informado a través del lenguaje en los cheques. Indicó que la controversia era susceptible a resolverse bajo el pago en finiquito debido a la imprecisión en la cuantía y que de los documentos no surgía que la Cooperativa hubiera ejercido presión indebida para que la señora García Bermúdez aceptara el pago.

Insatisfecha, la señora García Bermúdez presentó un recurso ante este Tribunal. En éste, arguyó que la Cooperativa no demostró la buena fe extrema que se exige en la relación asegurado-aseguradora, pues envió una oferta que no era justa, razonable y equitativa que le relevaría de toda responsabilidad, sin que tal propuesta surgiera de forma clara para la asegurada y obviando su deber de asistirle.

De otra parte, la Cooperativa sostuvo que investigó, evaluó, ajustó y pagó la reclamación conforme exige el ordenamiento. A su vez, indicó que las alegaciones de relaciones asimétricas, dolo, falta de buena fe y abuso del derecho no están apoyadas en hechos específicos o prueba. Razonó que la señora García Bermúdez no pudo refutar los hechos medulares que concretaron el pago en finiquito.

Este Tribunal expidió el recurso de _certiorari_ el 4 de diciembre de 2020. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver si procede, en esta etapa, la disposición sumaria de la controversia bajo la doctrina del pago en finiquito.

## II

Como se sabe, los elementos básicos de la figura del pago en finiquito son: (1) que exista una reclamación ilíquida o sobre la cual exista controversia _bona fide_; (2) que se extienda un ofrecimiento de pago de buena fe por el deudor; y (3) que se produzca una aceptación del ofrecimiento de pago por el acreedor. _López v. South P.R. Sugar Co._, 62 DPR 238, 245 (1943). Asimismo, el pago debe emitirse en ausencia de

opresión o ventaja indebida por parte del deudor y, a su vez, deben estar presentes circunstancias "claramente indicativas para el acreedor de que el cheque remitido lo era en pago y saldo total del balance resultante de la liquidación final del contrato". A. Martínez & Co. v. Long Const. Co., 101 DPR 830, 834 (1973). Además, tiene que constatarse un claro entendimiento por parte del acreedor de que el pago representa una propuesta para la extinción de la obligación. Íd., pág. 835.

En Feliciano Aguayo v. Mapfre Panamerican Insurance Company, supra, este Tribunal se expresó sobre el uso de la doctrina del pago en finiquito en pleitos entre asegurados y aseguradoras. Allí concluimos que, examinada la figura dentro del contexto del campo de seguros y en atención a las regulaciones particulares de tal industria, la relación aseguradora-asegurado y las normas aplicables a los cheques como instrumentos negociables, nuestro ordenamiento exige que se vele por el cumplimiento de requisitos específicos para que se configure un pago en finiquito.

En tal determinación, este Tribunal rechazó que la figura se manifieste, meramente, porque se constate la ocurrencia de un ofrecimiento de pago, una notificación del cierre de la reclamación y el cambio del cheque. Debido a las particularidades propias de la industria de seguros, los tribunales deben evaluar la totalidad de las circunstancias y dar por cumplidos a cabalidad los requisitos de la doctrina y las exigencias estatutarias. Es decir, debe analizarse la

iliquidez o la controversia _bona fide_ de la reclamación; si el pago se emitió al amparo o en cumplimiento de un mandato estatutario, y si ocurrió en ausencia de opresión o ventaja indebida, particularmente dentro del contexto de la relación asegurado-aseguradora. A su vez, debe examinarse la existencia de circunstancias claramente indicativas para el acreedor de lo que representaba el cheque; si ocurrió una orientación clara a tales fines, y si la carta que envió la aseguradora cumplió con las reglas de trato justo y advirtió de forma conspicua que el instrumento fue ofrecido en pago total de la reclamación. Igualmente, debe evaluarse lo relativo a las salvaguardas del _Código de Seguros de Puerto Rico_, Ley Núm. 77 de 19 de junio de 1957, según enmendada, 26 LPRA sec. 101 _et seq_. (Código de Seguros) y las normas administrativas relacionadas a éste, así como lo estatuido sobre la buena fe y el trato justo en la _Ley de Transacciones Comerciales_, Ley Núm. 208-1995, según enmendada, 19 LPRA sec. 401 _et seq_. (Ley de Transacciones Comerciales). Finalmente, también debe constatarse el entendimiento claro del asegurado al cambiar el cheque, en particular, a la luz de las condiciones bajo las cuales lo aceptó.

Expuesto el derecho aplicable, procedemos a discutir su aplicación a esta controversia.

### III

En su petición ante este Tribunal, la señora García Bermúdez reafirma que no están presentes los elementos del pago en finiquito, toda vez que no se trata de una deuda

ilíquida, no hubo buena fe en la oferta de pago y no hubo un claro entendimiento de la naturaleza del pago. Indica, además, que tal figura es inaplicable en el campo de seguros a la luz de la política pública a favor de los derechos de los asegurados, la relación asimétrica de poder entre el asegurado y la aseguradora, y el contexto devastador del huracán María.

Por su parte, la Cooperativa arguye que no le fue imputada alguna práctica desleal, ventaja indebida o falta de buena fe que encontrara apoyo en la documentación provista. Rechaza que exista razón alguna para descartar la aplicación del pago en finiquito en litigios de esta naturaleza, en especial cuando no hay controversia sobre la concurrencia de los requisitos para la conformación de la figura.

Recientemente, en Feliciano Aguayo v. Mapfre Panamerican Insurance Company, supra, este Tribunal trazó los lineamientos que deben regir el análisis de controversias de esta índole. Así, al momento de examinar la procedencia de una desestimación sumaria bajo la doctrina del pago en finiquito dentro del campo de seguros, debe constatarse el cumplimiento con todos los elementos de la doctrina y las exigencias estatutarias que regulan la industria de seguros. De este modo, disuadimos la aplicación maquinal de la doctrina, ceñida únicamente a la expedición y la aceptación de un cheque. Según se discutirá a continuación fue ello, precisamente, lo que ocurrió en este caso.

En sus respectivas sentencias, tanto el Tribunal de Primera Instancia como el Tribunal de Apelaciones centraron

su análisis del primer requisito de la doctrina en que entre las partes había una controversia relacionada a la cuantía que procedía pagar por los daños bajo la póliza. Sin embargo, tal conclusión está huérfana de estudio alguno sobre las características de la controversia, en particular, si el pago ofrecido se extendió al amparo o en cumplimiento de un mandato estatutario, pues este hecho influye sobre la liquidez de la suma y la existencia de la controversia bona fide.

En cuanto al segundo requisito, la oferta de pago, ambos foros limitaron su análisis a que la Cooperativa emitió un cheque. Si bien ambos foros concluyeron que tal oferta se efectuó de buena fe y que no surgieron indicios de opresión o ventaja indebida, su análisis no tomó en consideración el contexto específico del evento que motivó la reclamación y la relación entre el asegurado y la aseguradora. Finalmente, el tercer requisito lo dieron por cumplido con el mero depósito del cheque por parte de la señora García Bermúdez, en ausencia de una determinación con respecto al claro entendimiento del acreedor sobre la naturaleza de la oferta.

Por consiguiente, los tribunales recurridos encontraron satisfechos los últimos dos (2) requisitos sin establecerse que la carta advertía de forma conspicua que el cheque se ofreció como pago final de la reclamación o que ésta cumplió con las normas de trato justo, así dirigidas a que el asegurado reciba una orientación inequívoca mediante representaciones ciertas y explicaciones razonables hasta alcanzar un entendimiento claro. Entiéndase, sin establecer

que el asegurado entendió las consecuencias de aceptar el pago y la imposibilidad de reclamar a la aseguradora de estar inconforme con lo ofrecido.

Por otra parte, ambos foros omitieron toda discusión profunda y un análisis complejo sobre las salvaguardas del Código de Seguros, supra, las normas administrativas y la Ley de Transacciones Comerciales, supra. Ello, a pesar de que la mayoría de los argumentos de la señora García Bermúdez se anclaban, específicamente, en tales garantías.

En consecuencia, persiste una controversia que prohíbe la resolución del pleito por la vía sumaria relacionada al entendimiento claro de la señora García Bermúdez, las condiciones bajo las que ésta cambió el cheque y si comprendía el alcance y las consecuencias de tal acción. Según ha destacado este Tribunal, "la renuncia de un derecho afirmativamente concedido por ley requiere que la parte renunciante conozca de forma cabal su derecho y haya tenido la intención clara de abandonarlo". Feliciano Aguayo v. Mapfre Panamerican Insurance Company, supra, pág. 35. A su vez, tampoco se desprenden con claridad ciertos hechos medulares del caso, pues perduran dudas sobre si la Cooperativa cumplió con las normas razonables de buena fe y trato justo que rigen en la industria de seguros.

En fin, en sus respectivas sentencias, tanto el Tribunal de Primera Instancia como el Tribunal de Apelaciones limitaron la revisión judicial a establecer los elementos más básicos del pago en finiquito: que la Cooperativa envió un cheque con

cierto lenguaje y que la señora García Bermúdez lo cambió. Sin embargo, nuestro ordenamiento requiere que se tomen en consideración elementos adicionales, así examinados a la luz de las circunstancias específicas del caso, previo a concluir que se configuró una transacción al instante. Ésto, pues, el mero recibo y endoso de un cheque no es suficiente, por sí sólo, para dar paso a la doctrina del pago en finiquito y la extinción de la totalidad de la obligación. En consecuencia, corresponde a los tribunales garantizar el cumplimiento con todos los requisitos de la doctrina y las exigencias estatutarias antes de ponerle fin a un pleito de forma sumaria en controversias de esta índole.

**IV**

Por los fundamentos antes expresados, se revoca la sentencia del Tribunal de Apelaciones confirmando la sentencia del Tribunal de Primera Instancia. En consecuencia, se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos ulteriores en acorde con los lineamientos aquí establecidos y lo pautado en Feliciano Aguayo v. Mapfre Panamerican Insurance Company, supra.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez hace constar la siguiente expresión de conformidad:

"Por los fundamentos acogidos por una mayoría de este Tribunal en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, 2021 TSPR 73, 207 DPR ___ (2021) y aquellos que expresé en mi Opinión de

Conformidad en *Adorno Maldonado v. Cooperativa de Seguros Múltiples de Puerto Rico*, 2021 TSPR 98, 207 DPR ___ (2021), estoy conforme con revocar el dictamen recurrido por entender que no procede la aplicación sumaria del pago en finiquito en esta etapa de los procedimientos."

La Jueza Asociada señora Pabón Charneco emitió una Opinión Disidente. La Jueza Presidenta Oronoz Rodríguez concurre y hace constar la siguiente expresión:

"Ante los hechos particulares de este caso, estoy de acuerdo con revocar la Sentencia del Tribunal de Apelaciones que desestimó sumariamente la demanda de la Sra. María H. García Bermúdez (señora García Bermúdez) tras determinar que no existían hechos materiales en controversia y que aplicaba la doctrina de pago en finiquito. Contrario a lo que concluyó el foro apelativo intermedio, estimo que mediante su oposición a la moción de sentencia sumaria, la señora García Bermúdez estableció que existen hechos materiales en controversia que, en esta etapa, impiden la resolución sumaria del pleito.

Primero, mediante una declaración jurada que suscribió para sustentar su oposición, la señora García Bermúdez afirmó que, durante la inspección de la propiedad asegurada que realizó la compañía aseguradora, los ajustadores no revisaron los daños en la mayor parte de la propiedad y se limitaron a

preguntarle acerca de estos. Esto, a pesar de que ella les manifestó que la ausencia de medicamentos para atender las condiciones de salud que le aquejaban y la ansiedad que estaba sufriendo por la situación precaria del país, provocaba que se le olvidaran los daños a la propiedad.

Segundo, también en su declaración jurada la señora García Bermúdez relató que, en ocasión de visitar las oficinas de la Cooperativa de Seguros Múltiples para recoger dos cheques, la atendieron de manera apresurada y, a pesar de que indicó que no veía bien debido a sus condiciones de la vista, la persona que la atendió le insistió que firmara unos documentos para poder entregarle los cheques.

Esto implica que hay controversia sobre la buena fe de la aseguradora al extender la oferta de pago, el alcance de esa oferta -si el ajuste y la oferta de pago que la aseguradora realizó se extendía a todos los daños que la póliza de seguro cubría-, y el entendimiento que tuvo la señora García Bermúdez de lo que estaba aceptando y las consecuencias de ello, de modo que su consentimiento fuese válido. Por lo tanto, no procedía desestimar el pleito de manera sumaria. Concurro, pues, con que procede devolver el caso al foro primario para que continúe el descubrimiento de prueba entre las partes, se presente

cualquier moción dispositiva que proceda y, de ser necesario, se celebre un juicio en su fondo.

Si bien nada impide que se dicte sentencia sumaria en los casos en los que se invoque la figura de pago en finiquito, los hechos de este caso no facultaban tal curso de acción."

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| María H. García Bermúdez<br><br>Peticionaria<br><br>v.<br><br>Cooperativa de Seguros<br>Múltiples de Puerto Rico<br><br>Recurrida | AC-2020-0062 | |

Opinión disidente emitida por la Jueza Asociada señora PABÓN CHARNECO.

En San Juan, Puerto Rico, a 23 de agosto de 2021.

Disiento de la determinación que hoy emite este Tribunal en la que revoca las sentencias emitidas por los foros inferiores y devuelve el caso para la continuación de los procedimientos según lo resuelto en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, infra.

Luego de examinar el expediente y los hechos particulares de este caso, no hay una controversia real sobre los hechos materiales que impidiera al foro primario dictar sentencia sumariamente. Asimismo, se cumplieron con todos los elementos de la doctrina de pago en finiquito. Por lo tanto, confirmaría la Sentencia del Tribunal de Apelaciones que a su vez confirmó la determinación del foro primario.

I

El 14 de septiembre de 2018, la Sra. María H. García Bermúdez (peticionaria) presentó una demanda contra la Cooperativa de Seguros Múltiples de Puerto Rico (recurrida o aseguradora). En síntesis, alegó que su propiedad sufrió daños severos como consecuencia del paso del Huracán María y que incurrió en gastos significativos para repararlos.[3] Por ello, presentó una reclamación ante la aseguradora para recibir los beneficios de la póliza expedida a su favor vigente al momento del paso del Huracán María.[4] Alegó que la aseguradora incumplió con sus obligaciones contractuales al negarle la cubierta sin justificación y al no emitir los pagos adeudados, pues pagó una cantidad menor a la que le correspondía. Asimismo, sostuvo que la recurrida había violado varias disposiciones del Código de Seguros de Puerto Rico. 26 LPRA sec. 2716a. Por lo tanto, solicitó que se dictara sentencia por una suma no menor de $111,854.56 por daños a la vivienda.

Oportunamente y sin someterse a la jurisdicción del tribunal, la aseguradora presentó una *Solicitud de desestimación*. Esta fue acogida por el foro primario como

---

[3] El 14 de octubre de 2017, la Sra. María H. García Bermúdez (peticionaria) presentó una notificación de reclamación ante la aseguradora en la que expresó que: "Huracán María dañó agrietó verja del lado. Tumbó el empañetado en algunos sitios y casi se lleva parte. Agrietó y rompió faroles de la verja que tienen electricidad. Entró agua por techo del dormitorio #1 y mojó la tv. Tumbó la pileta de lavar ropa y la rompió. Agrietó parte marquesina".

[4] Véase Póliza MPP2283200, págs. 58-94. El límite de la cubierta de *Dwelling* es de $100,000, de *Other structures* es de $10,000, *Personal property* de $10,000 y *Loss of use* es de $20,000. El *windstorn deductible* es de un 2%.

una moción de sentencia sumaria. La recurrida señaló que se había configurado la doctrina de pago en finiquito (*accord and satisfaction*). Esto, pues luego de completar el proceso de evaluación de la reclamación, le entregó a la peticionaria dos documentos intitulados *Desglose de Pagos Totales* en los que anejó y ofreció dos cheques como pago total de la reclamación (el cheque número 1801779 por la cantidad de $249.00 y el cheque número 1801777 por la cantidad de $802.00). Añadió que ambos cheques fueron cambiados por la peticionaria el 11 de diciembre de 2017 aceptando los mismos como un pago total y final de la reclamación. Por lo tanto, solicitó que dictara sentencia sumaria desestimando con perjuicio la Demanda, pues sostuvo que se extinguió su obligación.

Por su parte, la peticionaria se opuso y sostuvo que existían hechos en controversia que impedían dictar sentencia sumaria. Específicamente, señaló como hechos en controversia: (1) la buena fe de la aseguradora al remitir un pago sustancialmente menor al que tenía derecho; (2) la existencia de un consentimiento viciado al no haber sido informada adecuadamente sobre el resultado del ajuste y las razones específicas para este; y (3) si la peticionaria podía razonablemente entender el efecto de aceptar el pago remitido por la aseguradora a base de la información suministrada con el pago. Asimismo, sostuvo que no era de aplicación la

doctrina de pago en finiquito, pues la oferta de la aseguradora se trataba de una suma líquida y exigible.[5]

Mediante *Sentencia* emitida el 9 de diciembre de 2019 y notificada el 12 de diciembre de 2019, el Tribunal de Primera Instancia declaró con lugar la solicitud de la aseguradora y desestimó con perjuicio la demanda tras concluir que aplicaba la doctrina de pago en finiquito. Surge de la Sentencia las determinaciones de hechos siguientes:

1. El 20 de septiembre de 2017, el huracán María pasó sobre Puerto Rico.

2. Para el 20 de septiembre de 2017, la demandante mantenía vigente la póliza MPP-2283200 emitida por CSMPR.

3. La póliza brindaba cubierta a la propiedad de la parte demandante localizada en la Urbanización Ciudad Universitaria J8, Calle Gaviota, Guayama, P.R. 00784.

4. La demandante presentó la reclamación número 0404-76291 solicitando indemnización por los daños sufridos, bajo la póliza MPP-2283200.

5. Luego de analizar la reclamación, la CSMPR le notificó a la demandante una carta a la demandante (sic) donde se le incluyó el cheque número 1801777, por la cantidad de $802.00, y el cheque número 1801779, por la cantidad de $249.00, como pago total para su reclamación.

6. En el comprobante de pago anejado a cada cheque se indicó que los mismos eran por el pago de la reclamación número 0404-76291.

7. En el comprobante de pago anejado a cada cheque se notificó el desglose de los pagos totales.

---

[5] Posteriormente, la aseguradora presentó una *Réplica a Oposición a Moción de Sentencia Sumaria* en la que reiteró la aplicación de la doctrina de pago en finiquito. Asimismo, la peticionaria presentó *Moción Suplementaria* en la que alegó que la doctrina de pago en finiquito no aplicaba a su caso. Finalmente, la aseguradora presentó *Oposición a moción suplementaria.*

8. Los cheques número 1801777 y 1801779 fueron endosados, depositados y cobrados por la demandante.

9. Al dorso de los cheques, en el área del endoso, debajo de donde firmó la demandante, se lee la siguiente declaración

> El(los) beneficiario (s) a través de endoso a continuación acepta (n) y conviene (n) que **este cheque constituye liquidación total y definitiva de la reclamación** o cuenta descrita en la faz del mismo y que la Cooperativa queda subrogada en todos los derechos y causas de acción a la que tiene derecho bajo los términos de la referida póliza por razón de este pago.

Luego de que el Tribunal de Primera Instancia denegara una solicitud de reconsideración presentada por la peticionaria, esta recurrió ante el foro apelativo intermedio mediante recurso de apelación. Finalmente, el Tribunal de Apelaciones confirmó la sentencia recurrida y concluyó que no habían hechos materiales en controversia y que aplicaba la doctrina de pago en finiquito.

Inconforme, la peticionaria acudió ante nos y sostuvo que los foros inferiores erraron al determinar que aplicaba la doctrina de pago en finiquito y que no existían hechos materiales en controversia. Añadió que la figura de pago en finiquito es incompatible con el Código de Seguros y su reglamento. Finalmente, el 4 de diciembre de 2020 acogimos el recurso presentado como *Certiorari* y expedimos el mismo.

II

Sin pretender transcribir mis expresiones en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, 2021 TSPR 73, 207 DPR ___ (2021), las cuales sostengo y hago formar parte de esta opinión, deseo recapitular unos aspectos sobre la aplicación del estándar de revisión de las mociones de sentencia sumaria.

Como hemos expresado, la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, requiere dictar sentencia sumaria a favor de la parte promovente si las alegaciones, deposiciones, contestaciones a interrogatorios, admisiones, declaraciones juradas u otra evidencia demuestran la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y material y, además, si el derecho aplicable así lo justifica. Para ello, la parte promovente debe desglosar los hechos sobre los que aduce que no existe controversia junto a la prueba específica que lo sostiene. De igual forma, la parte opositora debe presentar evidencia admisible que ponga en controversia los hechos presentados por el promovente según exige la Regla 36.3 de Procedimiento Civil, supra. *Ramos Pérez v. Univisión*, 178 DPR 200, 215 (2010), citando a *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 DPR 714, 721 (1986). De lo contrario, estos se se podrán considerar como admitidos y se dictará la Sentencia Sumaria en su contra, si procede.

Luego de un examen de los autos, podemos observar que la peticionaria -como parte opositora- no refutó los hechos

presentados por la recurrida según lo requieren las reglas procesales y se limitó a argumentar que existía controversia en cuanto a qué cantidad de dinero tiene derecho a recibir, así como, si "aceptó como pago final y consintió a cerrar su reclamación contra [CSMPR] con el mero hecho de cobrar el cheque". Apéndice, pág. 112. Por lo tanto, no existe una controversia real sobre los hechos materiales del caso, y a su vez, podemos concluir que los foros inferiores aplicaron correctamente el estándar de revisión de mociones de sentencia sumaria exigidos por la Regla 36 de Procedimiento Civil, *supra*.

Por otro lado, nuestro ordenamiento jurídico reconoce la figura del pago en finiquito (*accord and satisfaction*). Regla 6.3(b) de Procedimiento Civil, 32 LPRA Ap. V. Así, para que exista un *accord and satisfaction* se requieren los tres (3) elementos siguientes: (1) una reclamación ilíquida o sobre la cual exista controversia bona fide; (2) un ofrecimiento de pago por el deudor; y (3) una aceptación del ofrecimiento de pago por el acreedor. Como expresara en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, 2021 TSPR 73, 207 DPR (2021), la oferta que presenta la aseguradora tras el ajuste de un seguro sobre propiedad inmueble es un estimado razonable de los daños que considera cubiertos y está sujeta a ser impugnada por el asegurado. En vista de ello, la deuda es ilíquida e incierta hasta que las partes no acuerden fijar su valor. Asimismo, la oferta

presentada por la aseguradora era un pago total, completo y definitivo de la deuda y surge conspicuamente del cheque.

Al aplicar el derecho a los hechos de esta controversia, no hay controversia de que la compañía aseguradora recibió la reclamación de la peticionaria. Asimismo, tras los trámites correspondientes de investigación y ajuste, esta le envió dos cheques a la peticionaria como oferta de pago. En el instrumento expresó que era en pago total y definitivo de su reclamación. Tampoco hay controversia de que la peticionaria endosó y cobró los cheques. En vista de ello, concluyo que se configuró la figura de pago en finiquito (*accord and satisfaction*).

### III

Por los argumentos antes expresados, disiento respetuosamente de la Sentencia emitida por el Tribunal y confirmaría la determinación del Tribunal de Apelaciones.


Mildred G. Pabón Charneco
Jueza Asociada